MEMORANDUM **
Mohammed Edy Safil, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.
The record does not compel the conclusion that Safil has established extraordinary circumstances that excuse the untimely filing of his asylum application. See 8 C.F.R. § 208.4(a)(5); see also Husyev v. Mukasey, 528 F.3d 1172, 1181-82 (9th Cir.2008). Accordingly, his asylum claim fails.
Substantial evidence supports the agency’s adverse credibility determination because the discrepancy between Safil’s testimony and his psychologist’s evaluation regarding whether he had been exiled to a small village and abused daily, is a material inconsistency that goes to the heart of his claim. See Pal v. INS, 204 F.3d 935, 940 (9th Cir.2000); Li, 378 F.3d at 962 (adverse credibility determination is supported where at least one of the identified grounds is supported by substantial evidence and goes to the heart of the claim). *630 In the absence of credible testimony, Safil has failed to establish that he is eligible for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Safil’s CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to Indonesia, his CAT claim fails. See id. at 1156-57.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.